UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOROTHY J. EVANS, <br> CAROLYN S. STUMP, individually and as <br> Personal Representative of the Estate of <br> William Louis Evans, Jr., deceased. <br><br> Plaintiffs, <br><br> v. <br><br> GREENFIELD BANKING COMPANY, <br> JOANA SPRINGMIER, <br><br> Defendants. <br><br> ERIC K. SHINSEKI, Secretary of Veterans <br> Affairs, United States Department of Veteran <br> Affairs, <br><br> Interested Party. | Case No. 1:12-cv-01569-TWP-DKL |

**ENTRY ON MOTIONS TO DISMISS**

This matter is before the Court on Defendants', Greenfield Banking Company and Joana Springmier (collectively referred to as "Greenfield"), Motion to Dismiss (Dkt. 11) and Interested Party's, Eric K. Shinseki, Secretary of Veterans Affairs ("Secretary"), Motion to Dismiss (Dkt. 9). Both motions were originally filed in the Marion County Superior Court, prior to the Secretary's removal of the action to this Court. For the reasons set forth below, Greenfield's and the Secretary's motions are **GRANTED**.

**I. BACKGROUND**

The following facts are taken from the Complaint (Dkt. 1-2). William L. Evans ("Mr. Evans"), was a veteran of the Korean and Vietnam wars who received approximately $3,900.00 each month in United States Department of Veterans Affairs ("VA") benefits for service-

connected medical conditions.  Due to age and medical conditions, including Alzheimer's disease, Mr. Evans became unable to properly handle his finances or make appropriate medical decisions.  Plaintiff Dorothy J. Evans ("Mrs. Evans"), was married to Mr. Evans for over 60 years, and also suffers from serious health conditions; Plaintiff Carolyn S. Stump ("Ms. Stump"), is the daughter of Mr. and Mrs. Evans (collectively referred to as "Plaintiffs").  She lived with her parents in their home in Noblesville, Indiana, as a full-time caregiver, and for many years assisted them in managing their finances.

Mr. Evans appointed Ms. Stump as his attorney-in-fact on October 19, 2005.  In July 2009, the VA determined that Mr. Evans was not competent to manage his VA benefits.  Thereafter, Ms. Stump was appointed a "federal fiduciary" charged with managing Mr. Evans's VA benefits.  In early October 2010, the VA terminated Ms. Stump as fiduciary for expending funds for Mr. Evans's medical needs without waiting for VA approval of the expenditures.  On October 1, 2010, Ms. Stump obtained an order from the Marion Superior Court, Probate Division, appointing herself permanent guardian over the person and estate of Mr. Evans.  On October 7, 2010, and unbeknownst to Ms. Stump, Greenfield accepted appointment as the "federal fiduciary" of Mr. Evans's VA benefits.

On January 21, 2011, Greenfield requested VA approval to reimburse Ms. Stump for expenditures made on behalf of Mr. Evans in November and December 2010.  Ms. Stump alleges that Greenfield failed to reimburse her for legitimate medical expenses and ignored her authority as attorney-in-fact and guardian of Mr. Evans.  Ms. Stump alleges that Greenfield violated the fundamental duties of a fiduciary.  Ms. Stump filed a state court action against Greenfield alleging breach of fiduciary duties, conversion, and constructive trust.  Thereafter the Secretary intervened as an interested party and both Greenfield and the Secretary filed motions to dismiss.

The following facts are taken from the record as a whole. The parties have been involved in contentious litigation in various forums since October 2011, including an administrative action before the Board of Veterans Appeals ("BVA") and an appeal from the Court of Appeals of Veterans Claims ("Veterans Court"). On April 30, 2012, Greenfield resigned as "federal fiduciary" of Mr. Evans's VA benefits. Attorney Joseph Shikany was appointed replacement fiduciary. Sadly, on December 23, 2012, Mr. Evans passed away. Ms. Stump was then appointed personal representative of Mr. Evans's estate; she now brings the current action on the estate's behalf.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Id.*

## III.  DISCUSSION

As noted above, Plaintiffs' complaint brings three counts against Greenfield. First, that Greenfield breached its fiduciary duties by failing to keep Plaintiffs informed of material information concerning Mr. Evans's funds, succumbing to conflicts of interest favoring the VA, and failing to use independent discretion as to do what is best for Mr. Evans. Thus, Plaintiffs contend Greenfield has breached the duties of good faith, fair dealing, and candor. Second, that Greenfield has wrongfully exercised dominion and control over Mr. Evans's property. Third, that Plaintiffs are entitled to impose a constructive trust on any account to which Mr. Evans's

funds have been transferred, on any purchases made using funds, and on any profits of any transactions realized through the use of such funds.

The Secretary contends that Plaintiffs' claims are "attempting an end run around Congress['s] grant of authority to the Secretary to appoint, supervise, and remove a federal fiduciary to handle VA benefits on behalf of an individual who is not able to do so himself." Dkt. 9-2 at 2. Specifically, the Secretary argues that 38 U.S.C. §§ 511 and 7104 vest exclusive jurisdiction over such claims in the Veterans Court, and Ms. Stump is pursuing claims that challenge the decision to terminate both her appointment and Greenfield's appointment as fiduciary in the administrative forums. The Secretary further argues that the current claims are likewise so tied to the VA's power to appoint, supervise, and remove a fiduciary, that the claims cannot proceed in this Court.

Likewise, Greenfield contends that Plaintiffs' claims concern the same issue as the administrative matter and Veterans Court appeal; that is, "whether the VA can appoint Greenfield as a Federal Fiduciary given that Carolyn Stump has been appointed fiduciary by the state court." Dkt. 11-1 at 5. Greenfield also argues that any claims that Greenfield mismanaged funds should be submitted to the VA Office of the Inspector General. *See* Dkt. 20 at 4 (citing *Olson v. United States*, No. 1:12-cv-34-RLM-RBC, 2012 WL 5411542, at *4 (N.D. Ind. Nov. 6, 2012)).

In the Court's view, Plaintiffs' claims are not challenges to the Secretary's authority to appoint and remove a fiduciary in disguise. The Complaint sets forth straightforward allegations of breach of fiduciary duty, conversion, and constructive trust—each of which do not hinge on the appropriateness of the appointment of Greenfield or the removal of Ms. Stump as fiduciary. Instead, the claims address Greenfield's management of the VA benefits, which could implicate

the Secretary's authority to "supervise" a fiduciary. Specifically, Plaintiffs argue that Greenfield improperly ignored Mr. Evans's interests in favor of the VA despite VA instructions that a fiduciary is not required to seek VA pre-approval for disbursing funds and that "the fiduciary relationship is between the VA-appointed individual or entity and the beneficiary. Fiduciaries hold a position of trust, in which they owe certain responsibilities to the beneficiary, including the obligation to determine which expenditures from beneficiary funds are in the beneficiary's best interest." Dkt. 13-4 at 2 ("fast letter" dated April 19, 2012).

Plaintiff seeks support in *Hardcastle v. Shinseki*, No. 12-1867 (Vet. App. July 17, 2012), an unpublished and non-precedential opinion. In *Hardcastle*, the incompetent veteran and his attorney-in-fact requested a writ of mandamus from the Veterans Court in part challenging the manner in which the fiduciary handled funds. *Id.* at 2. The Veterans Court stated that "to the extent that the petitioners allege that the fiduciary appointed by the VA is mishandling Mr. Hardcastle's funds, their proper remedy is to bring a breach of fiduciary duty action against the fiduciary in a court of competent jurisdiction." *Id.* at 2–3. The Veterans Court cited 38 U.S.C. § 7252(a) for this proposition, which states that the Veterans Court has "exclusive jurisdiction to review the decisions of the Board of Veterans' Appeals." The *Hardcastle* court does not provide any further analysis on the issue.

In response, the Secretary cites *Estates of Nau v. State*, 183 P.3d 626, 635–36 (Colo. App. 2007). In *Estates of Nau,* the state appellate court declined to decide the appropriateness of the federal fiduciary's disbursement of funds. The court relied upon the statutory scheme, including 38 U.S.C. § 5502(b). 38 U.S.C. § 5502(b) states in relevant part:

> Whenever it appears that any fiduciary, in the opinion of the Secretary, is not properly executing or has not properly executed the duties of the trust of such fiduciary or has collected or paid, or is attempting to collect or pay, fees, commissions, or allowances that are inequitable or in excess of those allowed by

5

> law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then the Secretary may appear, by the Secretary's authorized attorney, in the court which has appointed such fiduciary, or in any court having original, concurrent, or appellate jurisdiction over said cause, and make proper presentation of such matters. . . .  The Secretary may appear or intervene by the Secretary's duly authorized attorney in any court as an interested party in any litigation instituted by the Secretary or otherwise, directly affecting money paid to such fiduciary under this section.

The regulations found in 38 C.F.R. § 13.100, entitled "Supervision of fiduciaries," governs the VA's responsibilities under § 5502(b).  It states in relevant part:

> (a) Federal fiduciaries. In Federal fiduciary cases, the Veterans Service Center Manager may, when he or she deems it necessary for the protection of the beneficiary's interests:
>
>> (1) Require an accounting, formal or informal, of Department of Veterans Affairs benefits paid.
>>
>> (2) Terminate the appointment of a Federal fiduciary and appoint a successor Federal fiduciary.
>
> . . . .
>
> (c) Unsatisfactory conditions. In any case where a fiduciary fails to render a satisfactory account or has collected or paid, or is attempting to collect or pay, fees, commissions, or allowances that are illegal or inequitable or in excess of those allowed by law, or has failed to use Department of Veterans Affairs funds for the benefit of the beneficiary or the beneficiary's dependents, or has otherwise failed or neglected to properly execute the duties of his or her trust, and informal efforts by the Veterans Service Center Manager to correct the situation prove unsuccessful, the case will be referred to the Regional Counsel. In such cases[,] the Veterans Service Center Manager may have all Department of Veterans Affairs benefits suspended.

The Colorado Court of Appeals utilized the combination of § 5502(b) and regulation § 13.100 to reason that "jurisdiction lies with the VA to investigate and take any appropriate action with respect to a fiduciary charged with oversight of VA pension benefits." *Id.*  The court then concluded that it lacked jurisdiction to hear the breach of fiduciary duty claim because plaintiffs failed to exhaust administrative remedies.  *Id.* at 636.

Similarly, in *Olson*, a disabled veteran brought constitutional claims against the United States in connection with his VA benefits, including a claim under the Fifth Amendment. In the context of the Fifth Amendment claim, the court discussed several mentions in the complaint of what the plaintiff believed to be the mismanagement of his accounts by the paid fiduciary. 2012 WL 5411542 at *4. The court stated, "[t]o the extent Mr. Olson intended to include these facts in his arguments, the court doesn't have jurisdiction to consider such claims. Complaints about VA-appointed paid fiduciary fraud, misconduct, or misuse of funds must be submitted to the VA Office of Inspector General." *Id.* (citing *Garcia v. Shinseki*, No. 11-1924, 2011 WL 4448186, at *4 (Vet. App. Sept. 27, 2011) (stating "that if the petitioners wish to pursue such matters, they may submit a complaint to the VA Office of Inspector General (OIG), which may investigate and refer matters to the U.S. Attorney's Office for prosecution, if appropriate")).

The Court finds that Plaintiffs' reliance on *Hardcastle* is misplaced. The Veterans Court in that case did not specify which courts were included in its statement "a court of competent jurisdiction." Instead, the Veterans Court cited 38 U.S.C. § 7252(a), which indicates it has limited jurisdiction to review decisions of the Board of Veterans' Appeals, so therefore was not the proper forum in the first instance. The Veterans Court did not definitively say that state courts are the only proper forum for claims that a fiduciary has mismanaged funds. In fact, it is just as fair an interpretation that the Veterans Court considered the Board of Veterans' Appeals as a "court of competent jurisdiction." Although not a court in the same sense as this Court or a state court, the Board of Veterans' Appeals does have authority to review claims determinations and administer opinions, albeit in an administrative setting. Therefore, in the Court's view, *Hardcastle* does not mandate that state courts are the proper forum for claims against a federal fiduciary for mismanagement of funds.

Instead, the Court is more persuaded by *Estates of Nau* and its reliance on the statutory scheme found in 38 U.S.C. § 5502(b) and 38 C.F.R. § 13.100. Whether a fiduciary properly releases funds to a beneficiary falls within the supervisory duties of the VA. As stated in *Olson*, such complaints may be submitted to the VA Office of Inspector General for investigation. Moreover, in this case, Plaintiffs are pursuing administrative action to challenge the VA's removal of Ms. Stump as fiduciary and appointment of Greenfield as fiduciary. Because the mismanagement of funds falls under the VA's supervisory duties, this claim can also be brought in the administrative process. Accordingly, the Court finds it does not have jurisdiction to decide the claims against Greenfield because Plaintiffs have not exhausted their administrative remedies.

### III.  CONCLUSION

Accordingly, Defendants' Motions to Dismiss (Dkts. 9, 11) are **GRANTED**. Plaintiffs' claims are **DISMISSED without prejudice**, to the extent Plaintiffs may raise them in an administrative proceeding before the VA.

SO ORDERED.

Date: 08/19/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Amanda C. Couture
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
amanda.couture@ogletreedeakins.com

John Kenyon Henning, IV
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
john.henning@ogletreedeakins.com

Andrew B. Miller
STARR AUSTEN & MILLER, LLP
miller@starrausten.com

Shannon G. Starr
STARR AUSTEN & MILLER, LLP
shannon@starrausten.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov